United States District Court
Southern District of Texas
**ENTERED**
March 27, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| KYLE OLIVERIA, | § | |
| *Plaintiff,* | § | |
| v. | § | No. 4:21-CV-03564 |
| | § | |
| CITY OF JERSEY VILLAGE, *et al.*, | § | |
| *Defendants.* | § | |

## MEMORANDUM & OPINION

This is a § 1983 case.[1] Pending before the Court are Defendant City of Jersey Village's ("Jersey Village") Motion to Dismiss Plaintiff Kyle Oliveria's First Amended Complaint ("amended complaint"), ECF No. 30, and Defendants Officers Boughter, Hall, and Arceneaux (collectively, "Officer Defendants" and together with Jersey Village "Defendants") Motion for Partial Judgment on the Pleadings and to Compel Plaintiff to File a Rule 7(a) Reply, ECF No. 32.[2] In this action, Plaintiff Kyle Oliveria ("Plaintiff" or "Oliveria") claims that Officer Defendants violated his constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments when they responded to a domestic violence call at his girlfriend's apartment and

---

[1] On March 30, 2022, based on the parties' consent, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). Consent & Transfer Order, ECF No. 20.

[2] Plaintiff filed an Opposition to Jersey Village's motion to dismiss, ECF No. 34, but not to the Officer Defendants' motion. Jersey Village and Officer Defendants filed a joint reply, ECF No. 38, and a supplemental reply, ECF No. 39. Attached to Jersey Village's motion to dismiss is a certified copy of the City of Jersey Village's City Charter, ECF No. 30-1, and attached to Defendants supplemental reply is a copy Officer Arceneaux's Offense report, ECF No. 39-1. The Court resolved the motions without reference to these attachments.

subsequently arrested him. Pl.'s Am. Compl., ECF No. 27 at ¶¶ 42-71.

There are three issues before the Court. First, whether Plaintiff's § 1983[3] claims against Jersey Village should be dismissed for failing to state a claim. ECF No. 30. Second, whether his claims for malicious prosecution and violations of the First, Fifth, and Fourteenth Amendments to the Constitution of the United States against the Officer Defendants should be dismissed pursuant to Federal Rule of Civil Procedure 12(c). ECF No. 32. Finally, whether Oliveria should be compelled to file a Rule 7(a) reply regarding why qualified immunity should not shield Officer Defendants from his Fourth Amendment claims for illegal entry and false arrest. *Id*.

The Court has thoroughly considered the Plaintiff's amended complaint, the briefing, and the applicable law. Because the amended complaint failed to plausibly allege that Jersey Village had a policy that was the cause of the alleged constitutional deprivations, dismissal of all claims against it is warranted. In addition, the Court concludes that Plaintiff failed to state a claim against Officer Defendants for malicious prosecution and violation of his rights under the First, Fifth, and Fourteenth Amendments. Finally, the Court finds that a Rule 7(a) reply is not warranted.

## I.    BACKGROUND

On October 29, 2019, Jersey Village police officers Arceneaux and Hall

---

[3] 42 U.S.C. § 1983.

responded to a disturbance call at an apartment located in Jersey Village, Harris County, Texas. ECF No. 27 at ¶ 15. A resident of the apartment complex called the police and reported that a couple were arguing loudly and involved in a fight. *Id*. Arceneaux and Hall knocked on the apartment door. The resident of the apartment, Oliveria's girlfriend—the complaint does not identify her by name—answered the door. *Id*. ¶ 16. Oliveria and his girlfriend did not have any apparent injuries, nor did they complain of any. *Id*. ¶¶ 16-17. Oliveria and his girlfriend confirmed that they had been involved in an argument over personal issues. *Id*. ¶ 17.

Subsequently, Officer Boughter arrived on the scene. *Id*. ¶ 22. In the written report Boughter filed after the incident, he claimed that he was required to knock loudly on the apartment door and threatened to get a warrant unless they opened the door.[4] *Id*. Plaintiff also alleges that the report contained various false statements. *Id*.[5]

At some point during the interaction, either some or all the Officer Defendants interviewed Plaintiff's girlfriend outside of his presence. *Id*. ¶ 25. She confirmed that nothing occurred between them that required law enforcement involvement and provided a written statement to that effect. *Id*.

---

[4] The Court notes that this allegation is not consistent with paragraph 16 of the amended complaint, which alleges that Oliveria's girlfriend greeted officers Hall and Arceneaux after they knocked on her apartment door.

[5] For example, he alleges the report states that Oliveria was five foot ten inches tall and weighed two hundred pounds, when, according to his complaint, he is significantly smaller than those measurements. Id. Oliveria also alleges that Officer Boughter falsely claimed that his girlfriend provided background information about him. *Id*.

Plaintiff also alleges that the Officer Defendants were informed that the district attorney's office would not approve a state charge against him. *Id*. ¶ 26. Thereafter, the Officer Defendants "issue[d] a citation [to Plaintiff] for a municipal offense." *Id*. Furthermore, after Plaintiff refused to speak with the Officer Defendants, they placed him in handcuffs and took him to jail. *Id*. ¶¶ 26-27. Later, because of the Officer Defendants' efforts, an unidentified state charge was also filed against him. *Id*. ¶ 32. Ultimately, the municipal and state charges against Oliveria were dismissed. *Id*. ¶ 33. The amended complaint does not describe how or why the charges were dismissed, how long Oliveria was held, or whether he was arraigned.

The amended complaint alleges claims against Jersey Village and Officer Defendants in their official capacities for malicious prosecution, and violations of the First, Fourth, Fifth, and Fourteenth Amendments. ECF No. 27 at ¶¶ 42-60. In addition, the amended complaint alleges claims against the Officer Defendants in their individual capacities for malicious prosecution, and violations of the First, Fourth, Fifth, and Fourteenth Amendments. *Id*. at ¶¶ 60-72.

## II.   THE STANDARD FOR MOTIONS TO DISMISS.

A court may dismiss a complaint for a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint "does not need detailed factual allegations," but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that

when assumed to be true "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). The plausibility standard "is not akin to a 'probability requirement," though it does require more than simply a "sheer possibility" that a defendant has acted unlawfully. *Id*. at 678. Thus, a pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 556 U.S. at 678-79 (citation omitted). The court should not "'strain to find inferences favorable to the plaintiffs.'" *Stringer v. Town of Jonesboro*, 986 F.3d 502, 512 (5th Cir. 2021) (quoting *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005)). A court may consider the contents of the pleadings, including attachments thereto, as well as documents attached to the motion, if they

are referenced in the plaintiff's complaint and are central to the claims. *Boudreaux v. Axiall Corp.*, 564 F. Supp. 3d 488, 498 (W.D. La. 2021). Importantly, the court should not evaluate the merits of the allegation but must satisfy itself only that the plaintiff has adequately pled a legally cognizable claim. *Bright v. City of Killeen, Texas*, 532 F. Supp. 3d 389, 396 (W.D. Tex. 2021) (citing *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004)).

## III.   THE STANDARD FOR JUDGMENT ON THE PLEADINGS.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Motions made pursuant to Rule 12(c) are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hale v. Metrex Rsch. Corp.*, 963 F.3d 424, 427 (5th Cir. 2020) (quoting *Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 287 (5th Cir. 2015)). The standard for dismissal under Rule 12(c) is the same as that under Rule 12(b)(6). *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017). "'The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.'" *Phillips v. Collin Cmty. Coll. Dist.*, No. 4:22-CV-184, 2022 WL 4477698, at *3 (E.D. Tex. Sept. 26, 2022) (quoting *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)).

## IV.   PLAINTIFF'S CLAIMS AGAINST THE OFFICERS IN THEIR OFFICIAL CAPACITY ARE REDUNDANT OF THE CLAIMS AGAINST THE CITY.

Jersey Village moves to dismiss Plaintiff's official capacity claims against Officer Defendants because they are duplicative of his claims against Jersey Village. ECF No. 30 at 10. In response, Oliveria agrees that his official capacity claims are redundant, and should he be permitted to amend his complaint, would remove such claims. ECF No. 34 at 13-14. Accordingly, the Court dismisses Oliveria's official capacity claims against the Officer Defendants with prejudice. *See Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) (finding it appropriate to dismiss claims against officers in their official capacity when the "allegations duplicate claims against the respective governmental entities themselves.").

## V.   PLAINTIFF FAILS TO STATE A CLAIM FOR MUNICIPAL LIABILITY.

Jersey Village argues that Plaintiff's claims asserting municipal liability against it ("*Monell* claims") should be dismissed for failure to state a claim. ECF No. 30 at 4-6.   Specifically, Jersey Village contends that Oliveria has failed to identify either a policymaker responsible for,[6] or a policy that was the moving force behind, his alleged constitutional violations. *Id*. In response, Oliveria argues that he is not required to plead a policymaker in his amended complaint and that he has

---

[6] Because the Court finds that the amended complaint fails to sufficiently plead the policy, it does not reach whether Oliveria "has pled facts that, read in the light most favorable to [Oliveria] show that the statutorily authorized policymaker promulgated an unconstitutional policy." *Groden v. City of Dallas, Texas*, 826 F.3d 280, 285 (5th Cir. 2016).

sufficiently alleged that Jersey Village promulgated a policy based on a failure to train theory. ECF No. 34 at 5-6. The Court concludes that Plaintiff's *Monell* claims must be dismissed because he has failed to sufficiently allege that Jersey Village promulgated a policy giving rise to municipal liability.

### A. Standard For Municipal Liability.

Municipalities are considered "persons" who may be sued directly under § 1983. *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978). However, "'a municipality cannot be held vicariously liable for the constitutional torts of its employees or agents.'" *Fetty v. City of Baton Rouge*, 534 F. Supp. 3d 616, 624 (M.D. La. 2021) (quoting *Gros v. City of Grand Prairie*, 181 F.3d 613, 615 (5th Cir. 1999)). "A municipality is liable only for acts directly attributable to it through some official action or imprimatur." *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (citation omitted). To establish municipal liability under § 1983, a plaintiff must prove three elements: "'1) a policymaker; 2) an official policy; and 3) a violation of constitutional rights whose moving force is the policy or custom.'" *Fetty*, 534 F. Supp. 3d at 624 (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). A local government may be sued under § 1983 "'if it is alleged to have caused a constitutional tort through a policy statement, ordinance, regulations, or decision officially adopted and promulgated by that body's officers.'" *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 166 (5th Cir. 2010) (quoting *City of St. Louis v.*

*Praprotnik*, 485 U.S. 112, 121 (1988)). "'Alternatively, official policy is a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.'" *Schaefer v. Whitted*, 121 F. Supp. 3d 701, 717 (W.D. Tex. 2015) (quoting *Brown v. Bryan County*, 219 F.3d 450, 457 (5th Cir. 2000)).

The failure to train municipal employees may also constitute a "policy," but only when it "reflects a 'deliberate' or 'conscious' choice by a municipality." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). Thus, although municipalities are not normally liable for inadequate training of employees, failure to properly train constitutes an actionable "policy" if, "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Id*. at 390

## B. Plaintiff's Failure To Train Or Supervise Theory Fails.

"A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). To state a claim under a failure to train or supervise theory, a plaintiff must plead: (1) the defendant failed to supervise or train the alleged bad actor(s), (2) there

is a causal connection between the infringement of the plaintiff's constitutional rights and the lack of supervision or training, and (3) the failure to supervise or train exhibited deliberate indifference to the plaintiff's constitutional rights. *Peña v. City of Rio Grande City*, 879 F.3d 613, 623 (5th Cir. 2018). "Claims of inadequate training generally require that the plaintiff demonstrate a pattern of conduct." *Sanders–Burns v. City of Plano*, 594 F.3d 366, 382 (5th Cir. 2010).

To effectively plead the first element, a plaintiff "must allege with specificity how the training program is defective." *Taylor v. Hartley*, 488 F. Supp. 3d 517, 535 (S.D. Tex. 2020). In his opposition, Oliveria states that he has satisfied this element but provides no further elaboration. ECF No. 34 at 10 ("Plaintiff has done so in this instance."). This is not sufficient. Based on his amended complaint, Oliveria generally alleges that Jersey Village failed to train and supervise the Officer Defendants to refrain from violating citizens' constitutional rights. ECF No. 27 at ¶ 49. These allegations, however, are wholly conclusory. Oliveria neither alleges specific facts about Jersey Village's training protocols nor describes any deficiencies with the Officer Defendants' training considering their assigned duties. Because Oliveria has not identified any specific training program or shown how it is inadequate, he has failed to satisfy the first element. *Taylor*, 488 F. Supp. 3d 536 (dismissing plaintiff's failure to train theory on this basis).

Similarly, Oliveria fails to allege that violations "occurred with such

frequency" that notice was provided that "supervision was needed." *Parker v. Blackwell*, 23 F.4th 517, 525 (5th Cir. 2022). In addition to failing to satisfy the first necessary element, this deficiency necessarily prevents Oliveria from satisfying the third element—causation. *Id.*

Even if Oliveria satisfied the first and third elements, he also fails to plead the second element of deliberate indifference. "'[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.'" *Connick*, 563 U.S. at 61 (quoting *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397 (1997)). Where a city's policymakers "are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program." *Id.* (quoting *Bryan Cty.*, 520 U.S. at 410). This is because, in light of the notice that its program will cause constitutional violations, inaction "'is the functional equivalent of a decision by the city itself to violate the Constitution.'" *Id.* (quoting *Canton*, 489 U.S. at 395 (O'Connor, J., concurring in part and dissenting in part)).

Typically, showing deliberate indifference requires allegations of "a pattern of similar constitutional violations by untrained employees." *Taylor*, 488 F. Supp. 3d at 535. Oliveria concedes that no such pattern exists in this case. ECF No. 34 at

10. Instead, Plaintiff relies on the so-called single incident exception. *Id*. The single-incident exception is "extremely narrow" and requires the plaintiff to "prove that the highly predictable consequence of a failure to train would result in the specific injury suffered." *Hutcheson v. Dallas Cnty.*, No. 3:17-cv-2021-BN, 2020 WL 1692950, at *6 (N.D. Tex. Apr. 7, 2020), *aff'd*, 994 F.3d 477 (5th Cir. 2021). This is to say, "a plaintiff must allege factual content showing (or from which it may be inferred) that the training provided by the municipality was so inadequate that it should have predicted that those deficiencies would have caused the specific harm alleged, not that more or different training would have prevented it." *Id*.

In the Fifth Circuit, the single-incident exception is generally reserved for cases in which the government actor provided no training whatsoever. *Peña*, 879 F.3d at 624. For example, in *Littell v. Houston Indep. Sch. Dist.*, the Fifth Circuit found the single-incident exception applicable where school officials were authorized to search students, but the school district decided to "provide its staff no training regarding the Constitution's constraints on searches." 894 F.3d 616, 625 (5th Cir. 2018). Here, Oliveria does not allege that Jersey Village provided its police officers with no training. Instead, he alleges in a conclusory fashion that it "failed to properly train" its officers. ECF No. 27 at ¶¶ 46-48. But a failure to *properly train* is not the same as providing *no training*. Even so, the amended complaint does not provide any factual support for the allegation that Officer Defendants were not

properly trained beyond describing Oliveria's interactions with Officer Defendants. *Id*. at ¶¶ 15-41. Furthermore, although his response makes clear that he is relying on the single-incident exception, he does not explain how the single-incident exception is applicable to this case. ECF No. 34 at 9-10.

Accordingly, Plaintiff's claims against Jersey Village must be dismissed for failure to state a claim.

### C. The Court Grants Plaintiff Leave To Amend.

Oliveria seeks leave to amend his claims against Jersey Village. ECF No. 34 at 12. Rule 15 of the Federal Rules of Civil Procedure directs courts to "freely give leave [to amend the pleadings] when justice so requires." FED. R. CIV. P. 15(a)(2). However, leave to amend is within the sound discretion of the court and can be appropriately denied when "it is clear that the defects [of a complaint] are incurable." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Plaintiff argues that he would amend with additional facts, such as that Jersey Village entered a contract to hire a police chief from a staffing agency and that the previous police chief was alleged to have engaged in bribery. ECF No. 34 at 12-13. Although these facts and the others Plaintiff identified would not cure the defects identified above, the Court recognizes that Oliveria has only amended his complaint a single time and not in response to a substantive ruling. *Wilder v. Morgan*, No. 6:20-

CV-01383, 2022 WL 839128, at *6 (W.D. La. Mar. 18, 2022) (granting leave to amend where court's ruling would provide plaintiff "guidance on any pleading deficiencies with respect to his *Monell* claim"). Further, the Court is not convinced that granting leave to amend will be futile and unnecessarily delay resolution of this action. *See Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 769 (N.D. Tex. 2013).

Therefore, the Court will grant Plaintiff leave to amend his claims against Jersey Village. However, as described below, Oliveria's malicious prosecution claim and claims for violations of the First, Fifth, and Fourteenth Amendments to the United States Constitution are dismissed with prejudice. Therefore, Oliveria's amended pleading may allege only a *Monell* claim premised on his surviving Fourth Amendment claim.

## VI. PLAINTIFF'S CLAIMS AGAINST OFFICER DEFENDANTS FOR MALICIOUS PROSECUTION AND VIOLATIONS OF THE FIRST, FIFTH, AND FOURTEENTH AMENDMENTS SHOULD BE DISMISSED WITH PREJUDICE.

Officer Defendants argue that Oliveria's claims for malicious prosecution and violations of the First, Fifth, and Fourteenth Amendments should be dismissed. ECF No. 30 at 5-10. With respect to each of these claims, Officer Defendants assert a qualified immunity defense. *Id*. at 3. They argue that Oliveria fails to plausibly allege that their alleged conduct violated a constitutional right, and that, even if he had, he has failed to show that the right at issue was clearly established at the time. *Id*. at 3.

Plaintiff failed to file a response to the Officer Defendants' Motion for Partial

Judgment on the Pleadings. Pursuant to Local Rule 7.4, the failure to respond is taken as a representation of no opposition. S.D. TEX. LOCAL R. 7.4; *see also Zeno v. Wells Fargo Bank N.A.*, No. CV H-18-3970, 2019 WL 13214723, at *2 (S.D. Tex. May 10, 2019) (granting motion for judgment on the pleadings where party failed to file a response). Furthermore, and in any case, the Court finds that dismissal is required because Plaintiff failed to plausibly plead a malicious prosecution claim under the Fourth Amendment or a violation of his rights under the First, Fifth, or Fourteenth Amendments to the United States Constitution. Because Oliveria has failed to plead a constitutional violation against Officer Defendants, the Court does not address whether such a right was clearly established at the time of the alleged misconduct. *Cunningham v. Castloo*, 983 F.3d 185, 190-91 (5th Cir. 2020) (courts may "resolve [qualified immunity] case[s] on a single prong").

### A. Plaintiff Fails To State A Claim For Malicious Prosecution Under The Fourth Amendment.

Recently, the Fifth Circuit determined that the elements of a Fourth Amendment malicious prosecution claim included "(1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages." *Armstrong v. Ashley*, No. 21-30210, 2023 WL 2005263, at *11 (5th Cir. Feb. 15, 2023). In addition to these

elements, plaintiffs asserting a Fourth Amendment malicious prosecution claim under § 1983 must prove the threshold element of an unlawful Fourth Amendment seizure. *Id*.

Officer Defendants argue that Oliveria's malicious prosecution claim must be dismissed because it fails to satisfy the threshold element that Oliveria's seizure was the product of legal process. ECF No. 32 at 7-8. The Court agrees with Officer Defendants, Oliveria's malicious prosecution claim must be dismissed because he does not allege that his seizure was pursuant to legal process.

The Supreme Court has drawn a distinction between false arrest, which "consists of detention without legal process," and "unlawful detention," which "forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process." *Bradley v. Sheriff's Dep't St. Landry Par.*, 958 F.3d 387, 391 (5th Cir. 2020) (quoting *Wallace v. Kato*, 549 U.S. 384, 390 (2007)). Therefore, to plead a claim for malicious prosecution under the Fourth Amendment, legal process must accompany the seizure. The Fifth Circuit has recognized that an unlawful arrest pursuant to a warrant satisfies the requisite legal process for a malicious prosecution claim. *Winfrey v. Rogers*, 901 F.3d 483, 493 (5th Cir. 2018).

Here, Oliveria alleges that he was subject to a wrongful *warrantless* arrest,

ECF No. 27 at ¶ 2 ("The officers without just or reasonable cause or warrant seized Plaintiff"). Therefore, Oliveria's arrest itself does not provide the requisite legal process for his malicious prosecution claim. Post-arraignment detention also satisfies the legal process necessary for a Fourth Amendment malicious prosecution claim. *Wallace*, 549 U.S. at 390. However, the amended complaint contains no facts alleging that Oliveria was arraigned, much less that a post-arraignment deprivation of liberty rising to the level of a constitutional violation occurred.

Accordingly, because Oliveria fails to allege that he was seized pursuant to legal process, his claim for malicious prosecution must be dismissed. *Washington v. City of New York*, No. 11 CIV. 363 BSJ HBP, 2012 WL 4468163, at *2 (S.D.N.Y. Sept. 18, 2012) (dismissing malicious prosecution claim because "Plaintiff has asserted no facts to support a claim that Defendants abused any sort of legal process").

### B. Oliveria's First Amendment Claim Is Dismissed.

To state a First Amendment retaliation claim, plaintiff must show: 1) he was engaged in constitutionally protected activity, 2) the defendants' actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and 3) the defendants' adverse actions were substantially motivated against the plaintiffs' exercise of constitutionally protected conduct. *Mills v. City of Bogalusa*, 112 F. Supp. 3d 512, 516 (E.D. La. 2015) (citing *Keenan v.*

*Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002)). Furthermore, to prevail on a First Amendment retaliation claim in the arrest context, a plaintiff also "must plead and prove the absence of probable cause." *Roy v. City of Monroe*, 950 F.3d 245, 255 (5th Cir. 2020) (citing *Nieves v. Bartlett*, 139 S. Ct. 1715, 1725 (2019)).

Officer Defendants argue that Oliveria's First Amendment retaliation claim must be dismissed because the amended complaint does not plausibly allege that the Officer Defendants took actions against Oliveria because he was engaged in constitutionally protected speech. ECF No. 32 at 9. Although the amended complaint makes numerous references to the First Amendment, Oliveria fails to identify what constitutionally protected speech he was engaged in or that such speech motivated the Officer Defendants to retaliate against him.  Therefore, Oliveria's claims under the First Amendment fail.

### C. Oliveria's Fifth Amendment Claim Is Dismissed.

The Fifth Amendment to the United States Constitution provides, "No person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. A plaintiff cannot maintain a § 1983 case for damages for a violation of the Fifth Amendment when the information allegedly improperly obtained was never actually used against him in a criminal case. *Mohamed for A.M. v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602, 619 (N.D. Tex. 2017) (citing *Chavez v. Martinez*, 538 U.S. 760, 765–73, (2003)).

Officer Defendants argue that dismissal of Plaintiff's Fifth Amendment retaliation claim is proper because Oliveria was not compelled to be a witness against himself. ECF No. 32 at 5. Although the amended complaint contains numerous references to violations of his rights under the Fifth Amendment, *see* ECF No. 27 at ¶¶ 11, 57, 65, it does not allege that Officer Defendants obtained information from Oliveria, much less that such information was used against him in a criminal case. Therefore, Plaintiff's Fifth Amendment claim must be dismissed.

Accordingly, Plaintiff's claims against Officer Defendants for violations of his Fifth Amendment rights are dismissed.

### D. Oliveria's Fourteenth Amendment Claim Is Dismissed.

Plaintiff's Fourteenth Amendment claim fails as a matter of law. Although Oliveria's Fourteenth Amendment claim is not entirely clear from the face of his amended complaint, it appears that Oliveria alleges his Fourteenth Amendment rights were violated because he was arrested without probable cause. ECF No. 27 at ¶ 65. However, such a claim is based on the Fourth Amendment not the Fourteenth Amendment. *Hood v. McKinnon*, No. CV H-14-1719, 2016 WL 4376517, at *12 (S.D. Tex. Aug. 16, 2016) (dismissing Fourteenth Amendment claims on this basis). Therefore, Plaintiff's Fourteenth Amendment claim must be dismissed.

### E. Dismissal With Prejudice Is Warranted.

Rule 15 of the Federal Rules of Civil Procedure directs courts to "freely give

leave [to amend the pleadings] when justice so requires." FED. R. CIV. P. 15(a)(2).

The Rule 15(a) inquiry involves five factors: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *SGK Properties, L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 944 (5th Cir. 2018) (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)).

Oliveria failed to respond to the Officer Defendants' motion for partial judgment on the pleadings. Although under the court's local rules failure to respond is considered non-opposition to a motion, it is not appropriate to grant a motion to dismiss with prejudice based solely on the lack of response. *Lopez v. VHS San Antonio Partners, LLC*, Civil Action No. 17-CA-151, 2017 WL 10841974, at *1 n.1 (W.D. Tex. Dec. 19, 2017) (citing *Webb v. Morella*, No. 11-20175, 2012 WL 45411 at *2 n.4 (5th Cir. Jan. 9, 2012)). Here, Plaintiff's amended complaint presents no facts that plausibly state a claim for relief. Therefore, the Court concludes amendment would be futile. *Vanskiver v. City of Seabrook, Texas*, Civil Action No. H-17-3365, 2018 WL 560231, at *7 (S.D. Tex. Jan. 24, 2018).

Moreover, Officer Defendants filed their motion for partial judgment on the pleadings on September 2, 2022—over nine months have passed since that date—which certainly constitutes undue delay.  Further, courts may also deny leave to amend when, as here, the plaintiff "fail[s] to apprise the district court of the facts

that he would plead in an amended complaint, if necessary, to cure any deficiencies."

*Mandujano v. City of Pharr, Tex.*, 786 F. App'x 434, 437 (5th Cir. 2019) (citing

*Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017)).

As a result, the Court finds that dismissal with prejudice of Plaintiff's Fourth

Amendment malicious prosecution claim, and claims for violations of the First,

Fifth, or Fourteenth Amendments to the United States Constitution against Officer

Defendants is warranted.

## VII.   A RULE 7(A) REPLY IS NOT WARRANTED.

Finally, Officer Defendants ask the Court to compel Plaintiff to file a

Rule 7(a) reply to their answer to his complaint. ECF No. 32 at 10-11. Specifically,

they ask the Court to order Oliveria to respond to three paragraphs in their answer

that provide factual allegations that tend to support an argument that Oliveria was

arrested with probable cause. *Id.* (citing ECF No. 29 at ¶¶ 15-17.).

Within the Fifth Circuit, a Rule 7(a) reply is sometimes used to allow a

decision to be made on the qualified immunity question when the complaint does

not allege sufficient factual material to overcome the defense on its own. *See*

*Jimerson v. Lewis*, No. 3:20-CV-2826-L-BH, 2021 WL 1605057, at *3 (N.D. Tex.

Apr. 23, 2021). Because the qualified immunity defense is designed to free

governmental officials from the burdens of litigation, including protracted

discovery, a Rule 7(a) reply avoids excessively intrusive and costly discovery by

allowing limited development of the factual record to ascertain the availability of the defense. *Parsons v. Marmarinos*, No. 1:14-CV-01122-LY, 2015 WL 5098807, at *6 (W.D. Tex. Aug. 31, 2015) (citing *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)).

However, a Rule 7(a) reply is appropriate only where the plaintiff has alleged sufficient factual material to make out a constitutional violation and the district court is still unable to rule on the qualified immunity question. A district court "may, in its discretion, insist that a plaintiff file a reply," but it is unnecessary for the court to do so when the plaintiff has met his pleading burden. *Davalos v. Johns*, 460 F. App'x. 396, 397 (5th Cir. 2012). Here, Officer Defendants' motion does not seek dismissal of Plaintiff's Fourth Amendment claims on qualified immunity or any other grounds. Therefore, the applicability of qualified immunity to Oliveria's Fourth Amendment claims is not before the Court. Officer Defendants could have asked this Court to dismiss Oliveria's Fourth Amendment claims and asked the Court to take judicial notice of Officer Arceneaux's Offense report, ECF No. 39-1, or other charging documents. However, Officer Defendants chose not to do so. Accordingly, the Court does not need a Rule 7(a) reply to aid it in determining if qualified immunity shields Officer Defendants.

Furthermore, Oliveria's probable cause allegations are clear. He alleges that Officer Defendants responded to a call from an unknown individual describing an

argument and fight, did not observe any injuries on Oliveria or his girlfriend at her apartment, and Oliveria's girlfriend did not want to press charges. ECF No. 27 at ¶¶ 15-17. Based on the foregoing, Oliveria's amended complaint is pleaded with "sufficient precision and factual specificity for the issue of qualified immunity to be addressed." *Caldwell v. Medina*, No. 1:19-CV-524-RP, 2020 WL 4043501, at *11 (W.D. Tex. July 17, 2020) (denying motion for Rule 7(a) reply).

### V.   CONCLUSION

Therefore, the Court rules as follows:

1. Jersey Village's Motion to Dismiss, ECF No. 30, is **GRANTED** and Plaintiff's claims against Jersey Village are **DISMISSED WITHOUT PREJUDICE.**

2. Officer Defendants' motion, ECF No. 32, is **GRANTED IN PART AND DENIED IN PART**, as follows:

   a. Plaintiff's claims for malicious prosecution and violations of the First, Fifth, and Fourteenth Amendments to the United States Constitution are **DISMISSED WITH PREJUDICE.**

   b. Officer Defendants' motion to compel Oliveria to file a Rule 7(a) reply is **DENIED**.

3. Plaintiff is **GRANTED** leave to amend.

   a. Plaintiff shall file his amended complaint consistent with the

rulings in this Memorandum and Opinion within 21 days of the filing of this order, or no later than April 17, 2023.

b. Defendants shall file their responsive pleadings within 21 days of the filing of Plaintiff's second amended complaint, or no later than May 8, 2023. No extensions will be granted to either side.

**IT IS SO ORDERED.**

Signed on March 27, 2023, at Houston, Texas.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**